FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

REYNALDO ALVAREZ, INDIVIDUALLY §
AND AS NEXT FRIEND OF L.A., §
a Minor Plaintiff §
§
VS. §                                          CIVIL ACTION NO. 14-068
§
CITY OF McALLEN §
    Defendant §

---

## DEFENDANT CITY'S REPLY IN SUPPORT OF MOTION TO DISMISS

---

TO THE HONORABLE JUDGE OF SAID COURT:

    Defendant CITY OF McALLEN ("City") files its Reply in Support of Motion to Dismiss and would show the Court as follows:

### I.

    Alvarez filed his Response (Dkt #9) late; he neither moved for an extension of time nor has he offered grounds constituting excusable neglect.  Therefore, his Response should be disregarded.  *McClendon v. Nueces County, Texas*, No. 13-0025, 2014 WL 28840, *1 (S.D.Tex. Jan. 2, 2014); *Castillo v. City of La Villa, Texas*, No. 13-0418, 2014 WL 1386307, *1 (S.D.Tex. April 9, 2014)(when motion for leave is filed after the deadline, standard is "excusable neglect").

### II.

    Alvarez fails to explain how the *facts* he alleged taken as true assert a plausible claim. His cursory legal conclusions are insufficient.

    First, the Court excludes from its analysis any conclusory allegations that are not

entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The tenet that a court must accept all the allegations as true does not apply to legal conclusions. *Rodriguez v. City of La Villa, Texas*, No. 13-0400, 2014 WL 1600306, *2 (S.D.Tex. April 21, 2014).  Threadbare recitals of the elements of a cause of action supported by mere conclusory statements do not suffice. *Iqbal*, 556 U.S. at 678.  If the pleading when stripped of conclusory allegations fails to plead the elements of the cause of action, the Court will dismiss that cause of action for failure to state a claim on which relief may be granted. *Rodriguez*, 2014 WL 1600306 at *2.

Second, the Court is not required to allow Alvarez to replead.  It may dismiss when it is clear he has plead his best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999); *Martinez v. City of Weslaco, Texas*, No. 13-0418, 2013 WL 2951060, *3 (S.D.Tex. June 14, 2013).  Leave to amend may be denied as futile when the facts necessary to correct a pleading deficiency are in stark opposition to the alleged facts. *Kovacic v. Larry Brown Enterprises, L.L.C.*, 2009 WL 5195979, *4 (S.D.Tex. Dec. 22, 2009).

## III.

Alvarez's conclusory statements of the element of an action are contradicted by his alleged facts.

For example, his Fourth Amendment and Due Process claims require the officers to have seized or taken L.A.  However, the *facts* alleged are:

> "While Alvarez was being interviewed, *Venegas took the child* with her.  Alvarez objected, but *Venegas continued to walk away with the child* and the officers did not stop her."

Dkt. #1, ¶19 [emphasis added].  If the Response could be considered, it argues the officers

had a "duty *to prevent* the child's mother and grandmother from exercising physical possession over the child because they had committed offenses."  Dkt #9, ¶3 [emphasis added].[1]  The conscience shocking behavior is what they *allowed Santos and Venegas to do*, not what the officers did.  Dkt #9, ¶3.

In short, his claims are the officers did nothing and a private actor took possession his child.  The alleged facts show the officers did not seize or take L.A., no matter what conclusions Alvarez attaches to them.  *Compare Kovacic*, 2009 WL 5195979 at *7-8 (allegation that police released drunk who half hour later was hit by unknown driver failed to state a due process claim).

Likewise, his equal protection claim requires he establish he received less police protection from domestic violence as a result of intentional discrimination against women.  *Shipp v. McMahon*, 234 F.3d 907, 914 (5th Cir. 2000), *cert. denied*, 523 U.S. 1052 (2001).  He does not allege he is female; his Complaint is clear that he is male.  He affirmatively alleges Officer Perez was motivated by a bias in favor of women, mothers in particular.  Dkt, #1, ¶¶15, 20.  He provides no legal argument supporting that providing him less protection than female assault victims is actionable under *Shipp*.

Moreover, he alleges that his physical injuries occurred before the officers arrived.  Dkt #1, ¶¶13-14.  He alleges no facts that could plausibly link the failure to arrest Santos and Venegas with any subsequent bodily injury to himself.

---

[1]  To the extent the Court considers the Response, Alvarez offers no legal authority that the officers had a duty to seize L.A. from her mother or grandmother because Alvarez accused them of an offense against himself.  Also he cites no legal authority that, in the absence of a custody order, the failure to seize L.A. from her mother deprives him of family integrity.

**IV.**

To the extent the Response could be considered, Alvarez's argument that the City's Motion is premature until the City presents evidence (Dkt #9, ¶8) profoundly misapprehends his pleading burden and Rule 12(b)(6).  Alvarez must plead sufficient facts; Rule 12(b)(6) entitles the City to challenge whether he has carried that burden before the Court permits any discovery.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557-58 (2007).

Wherefore Defendant City of McAllen prays that the Court disregard the Response and grant the City's Motion.

Respectfully submitted,


By: /s/ *Roger W. Hughes*

ROGER W. HUGHES
State Bar No. 10229500
Fed. I.D. No. 5950
rhughes@adamsgraham.com
TOM LOCKHART
State Bar No. 12473500
Fed. I.D. No. 2257
tlockhart@adamsgraham.com
LESLIE LOCKHART
State Bar No. 24036980
Fed. I.D. No. 737979
leslockhart@adamsgraham.com
**ADAMS & GRAHAM, L.L.P.**
P. O. Drawer 1429
Harlingen, Texas 78551-1429
956/428-7495; FAX: 956/428-2954

Neil Norquest
State Bar No. 15088500
norquestlaw@gmail.com
**ATTORNEY AT LAW**
1221 North Sugar Rd.
Edinburg, Texas 78541
956/383-2175

Attorneys for *Defendant* CITY OF MCALLEN

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was forwarded on this 10th day of May 2014, to the following counsel of record and interested parties:

Hector J. Torres                                                                 *Via E-Service*
**LAW OFFICE OF HECTOR J. TORRES, JR.**
200 N. 12th Ave., Suite 201
Edinburg, TX 78541

          /s/   *Roger W. Hughes*
          ROGER W. HUGHES